**In re The TELCOMP GROUP, INC., fka Telcomp Graphic Designs, Inc., Appellant.**

**Civ. A. No. C2–92–562.**
**Bankruptcy No. 2–90–01799.**

United States District Court, S.D. Ohio, E.D.

March 5, 1993.

Douglas S. Roberts, Clark Perdue & Roberts, Columbus OH, for taxpayer.

Brenda L. Dodrill, Asst. U.S. Atty., Columbus OH, for government.

### OPINION AND ORDER

GRAHAM, District Judge.

The appellant, Clark, Perdue and Roberts Co. L.P.A. ("Clark firm"), appeals a final order of the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division entered on May 19, 1992, holding that the appellant and the United States are each entitled to a pro rata share of a certain fund belonging to the debtor.

On March 19, 1990, a Chapter 11 bankruptcy petition was filed by the debtor herein, The Telcomp Group, Inc. The bankruptcy court approved the debtor's application to employ the Clark firm as its counsel. The application for appointment of counsel recites that the debtor would make monthly payments to the Clark firm to be placed in an interest bearing trust account to cover the administrative costs of the case. When the court approved the debtor's re-organization plan, this account contained $8,979.12 which belonged to the debtor. The Clark firm had a claim for attorney's fees and the Internal Revenue Service had a claim for post-petition federal taxes. The bankruptcy court held that since both of their claims represented administrative expenses, the fund should be pro-rated between them.

In the court below, the Clark firm claimed a right to the entire fund on the grounds: (1) that the IRS had allegedly agreed that the fund would be used to satisfy its claim for attorney's fees and that the IRS would rely on a separate agreement with the debtor for the payment of post-petition taxes; and (2) that the Clark firm had an attorney's lien on the trust fund which gave it rights superior to the IRS. In this appeal, the Clark firm asserts the same arguments, and in addition, argues that the bankruptcy court erred in finding that the debtor had failed to pay its post-petition taxes because there was no evidence to support such a finding.

At the hearing held in the bankruptcy court on the Clark firm's motion for approval of fees and the government's objection thereto, the government's counsel represented to the court that the debtor was supposed to have made approximately $58,000 in payments as of that date but had failed to do so. Counsel for the government tendered to the court a certification of default which had been filed pursuant to the order which called for the debtor to make these payments. Counsel for the Clark firm made no objection to these representations or to the tendered certificate of default and raised no issue about the sufficiency of the government's proof. When the court inquired about the government's request for an order of relief against the debtor, the Clark firm, as debtor's counsel, requested the opportunity to confer with the debtor to determine whether there were any grounds to object to the order. The court granted this request and did not sign the order of relief until four days later. The order was entered without any objection by the debtor or counsel for the Clark firm. This Court finds that by failing to object in the court below, the Clark firm

waived any objection to the sufficiency of the government's proof. The court further concludes that the finding of the bankruptcy court that the debtor had defaulted on the agreed schedule of payments is not clearly erroneous.

A review of the record reveals that the Clark firm failed to show that the IRS agreed to relinquish its interest in the trust fund. While the IRS did agree to withdraw its objections to the debtor's Second Amended Plan of Re-organization and did enter into a separate agreement with the debtor for the payment of post-petition taxes, there is no evidence that it ever agreed to withdraw its objection to the Clark firm's motion for approval of attorney's fees in which it asserted its right to a pro rata distribution of the fund. There is no law which would support the Clark firm's claim for an attorney's lien on the trust fund.

Bankruptcy Judge Guy R. Cole, Jr. has written an excellent opinion on the issues pertaining to the alleged agreement by the IRS to relinquish its claim to the trust fund and the existence of an attorney's lien, which this Court hereby adopts.

The judgment of the bankruptcy court is hereby affirmed.

It is so ORDERED.